## Charles Razor, Appellee, v. Bloomington & Normal Railway and Light Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914. Rehearing denied December 2, 1914.

### Statement of the Case.

Action on the case by Charles Razor against the Bloomington & Normal Railway and Light Company for personal injuries.

Plaintiff was struck by one of defendant's street cars at a crossing at the intersection of two streets where cars coming from the west on one street turned the corner and ran north on the other. The accident happened between eight and nine o'clock on a November evening. It was raining and plaintiff was carrying an umbrella. He charged negligence on defendant's part as follows: (1) Mismanagement and unskilfulness in running the car; (2) not sounding a gong or ringing a bell; (3) wilfully and negligently driving the car against him; (4) failure to have car equipped with a fender and proper guard; (5) running the car at a dangerous rate of speed and contrary to the ordinance fixing the limit at five miles an hour; (6) carelessly, improperly and negligently driving and managing the car, whereby plaintiff was injured. The evidence on the question of the speed of the car and the sounding of the gong was conflicting.

The jury found the issues for the plaintiff and assessed his damages at seven hundred dollars. From the judgment entered on the verdict, defendant appeals.

Razor v. Bloomington & Normal Ry. & Light Co., 190 Ill. App. 451.

LIVINGSTON & BACH, for appellant; SIGMUND LIVINGSTON, of counsel.

LIGHT & LIGHT, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 133*—*when negligence in speed of car question for jury in action for injury to pedestrian.* In an action by a pedestrian to recover for injuries by being struck by a street car, where plaintiff's evidence shows that the car was running at a minimum speed of eight miles an hour, while defendant's evidence shows that the speed did not exceed two miles an hour, the question as to whether defendant was negligent in the rate of speed at which it operated its car is for the jury.

2. STREET RAILROADS, § 135*—*when contributory negligence question for jury in action for personal injuries.* Where the evidence is conflicting, in an action by a pedestrian to recover for personal injuries from a street car, the question of contributory negligence is for the jury.

3. EVIDENCE, § 399*—*when opinion of medical expert inadmissible in answer to hypothetical question.* A medical expert, in answering a hypothetical question, cannot give his opinion on the fact which the jury is to determine.

4. APPEAL AND ERROR, § 1499*—*when improper admission of evidence harmless error.* The admission of improper evidence as to the extent of a plaintiff's injuries, in an action for personal injuries, is not reversible error where defendant offered no evidence in regard thereto, and the verdict was not excessive if the injuries were of the extent which plaintiff's evidence tended to show they were.

5. INSTRUCTIONS, § 83*—*when not improper.* Certain instructions in an action for injuries by being struck by a street car, *held* not misleading or improper.

6. APPEAL AND ERROR, § 1531*—*when instruction not misleading.* In an action to recover for personal injuries by being struck by a street car, an instruction which assumes that the car struck plaintiff, while defendant contends that plaintiff walked into and struck the car, is not misleading.

7. PLEADING, § 431*—*when proof not at variance with declaration.* In an action for personal injuries by being struck by a street car, *held* that there was no variance between the declaration and the proof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.